GEORGE F. MILTON, JR., EXECUTOR, ESTATE OF GEORGE F. MILTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19224. Promulgated September 20, 1929.

*Brice Clagett, Esq.,* for the petitioner.
*Lewis S. Pendleton, Esq.,* for the respondent.

OPINION.

GREEN: The only question presented in this proceeding is one of fact, namely, what was the value on April 23, 1924, of the 1,227.5 shares of common stock of the Chattanooga News Co., included as a part of the gross estate of the decedent in accordance with the provisions of section 402 of the Revenue Act of 1921. The petitioner, in the estate-tax return, valued the stock at $30,077.92, and the respondent has determined the value to be $213,585. The petitioner, in his proposed findings of fact, asks that this value be found at not more than $130,213.20, and the respondent closed his brief with a request that the Board find a value of not less than $122,750. It is apparent that the parties are now almost in accord as their difference in value has been reduced from $183,507.08 to $7,463.20.

We are not advised as to how the parties arrived at the $30,077.92 and $213,585 valuations.

The evidence shows that the 1,227.5 shares of stock were worth more than $38,310.75. George F. Milton, Jr., a son of the decedent and now president of the Chattanooga News Co., has been in the newspaper business all of his life. He testified that in his opinion the intangibles owned by the corporation at the time of his father's death were worth at the most not more than $100,000. If we were to substitute this value for the $160,000 carried on the books, the revised book value of the 1,227.5 shares on December 31, 1923, would be $81,113.20.

The $130,213.20 value, which the petitioner contends is the highest value the record will support, is the book value on December 31, 1923, the date nearest to the date of death on which the books were closed. But the objection to this value is that the books carried the intangibles at a value of $160,000, which, from the record, is excessive.

The stock of the corporation was closely held and there were no sales of the stock in the open market prior to the decedent's death. The circumstances surrounding the sale in 1920 of the 10 shares at $50 per share were not fully disclosed. The number of shares sold as compared with the total number outstanding was small and the date of sale was almost four years prior to the valuation date here in question. For the reasons given, this sale is not entitled to a great deal of weight.

In *Estate of Jacob Fish*, 1 B. T. A. 882, we held that where the stock of a corporation is closely held so that it can not be valued upon the basis of sales in an open market, its value, for estate-tax purposes, should be determined upon the basis of the assets underlying the capital stock and the earnings of the corporation. Milton further testified that in his opinion the best net price that could have

been obtained on the date of the decedent's death for all the net assets of the corporation, both tangible and intangible, was $250,000. On this basis, the 1,227.5 shares would be worth $122,831.83 or practically par. The respondent offered no evidence.

After considering all the evidence, we find that the common stock of the Chattanooga News Co., on April 23, 1924, had a value of not more than par and that, therefore, the value of the 1,227.5 shares owned by the decedent on that date was not more than $122,750.

*Judgment will be entered under Rule 50.*